IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRIS K. AGRAWAL )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>DIETER PETER, )<br>ANDREW VON KURSELL, )<br>RAFAEL PINEDO, )<br>MINERAL HILL INDUSTRIES, LTD., )<br>DIANA BLACKWELL, )<br>BILL WINSETT, )<br>TAMMY WINSETT, )<br>B. K. HOLDINGS, LLC, )<br>SUSAN CONRAD, )<br>and, SEVERAL TORTFEASORS )<br>)<br>    Defendants. ) | Case No. CIV-19-673-F |

**ORDER**

Before the Court is Plaintiff's Petition for Leave to File a *Pro Se* Action [Doc. No. 1] in compliance with the filing restrictions imposed by this Court in Order [Doc. No. 25] ("Filing Restrictions Order") in *Agrawal v. Walker, et al.,* Case No. CIV-18-1133-D. Plaintiff requests leave to file a Complaint [Doc. No. 2] incorporating a state court petition [Doc. No. 2-1].[1] Complaint at ¶15. The Court determines that the Petition for Leave must be denied.

---

[1] Petition, Agrawal, et al., v. Conrad, et. al., CJ-2019-95, Okmulgee County, June 27, 2019.

## DISCUSSION

In the Court's Filing Restrictions Order, Plaintiff was enjoined from filing "arguments that are frivolous" and unwarranted by existing law. Filing Restrictions Order at 3. The purpose of the Filing Restrictions Order was to "prevent Plaintiff Agrawal from continuing to file improper challenges related to the [administrative law judge]'s award" in favor of Chris Holland against Energy Production Services, LLC.[2] *Id.* at 2. An examination of the Complaint, state court petition, and exhibits demonstrate that Plaintiff is attempting to circumvent the Court's injunction by asserting yet another challenge to this state court judgment.

Plaintiff's Complaint incorporates a state court cause of action challenging the state court judgment affirming the administrative law judge's ("ALJ") award to Chris Holland which was the subject of the Filing Restrictions Order. Complaint at ¶15; Petition [Doc. No. 2-1] at 9 ("Fifth Cause of Action"). In support of this prohibited claim, Plaintiff attaches to his Complaint various documents relating to the Oklahoma Department of Labor wage dispute resulting in the judgment in Mr. Holland's favor. Exhibit D "No Judgment Against Energy Production Services, LLC.," [Doc. No. 2-4].

Plaintiff's intention to challenge the judgment is further evidenced by his inclusion of Mr. Holland as an intended defendant in the Complaint. Although Mr. Holland is not a

---

[2] "The Oklahoma Supreme Court has affirmed the ALJ judgment, the Tenth Circuit has noted that 'the Oklahoma Supreme Court has already resolved these issues,' and this Court has repeatedly dismissed Agrawal's law suits pursuant to the *Rooker-Feldman* doctrine." Filing Restriction Order at 2 (quoting *Agrawal v. Ogden*, 18-6054, 2018 WL 6252870 at *3 (10th Cir. Nov. 28, 2018)).

named defendant in the caption of the Complaint: (1) he is a named defendant in the state court petition incorporated in the Complaint; and, (2) Plaintiff caused a summons to be issued to Mr. Holland in the state court proceedings on June 27, 2019.[3] Petition at 1, 9. The Court concludes that Plaintiff's inclusion of unnamed "several tortfeasors" in the caption of the Complaint likely includes Mr. Holland.

The Court further finds that Plaintiff's burial of the prohibited claim and the identification of Mr. Holland as an intended defendant by incorporation of the state court petition is the latest of many attempts to camouflage the intent to challenge the state court judgment in Mr. Holland's favor.[4]

Plaintiff's Complaint is in violation of the Filing Restrictions Order.[5] Therefore, Plaintiff's Petition for Leave must be denied.

---

[3] The Court takes judicial notice of the proceedings publicly accessible through http://www.oscn.net with regard to *Agrawal v. Conrad, et al.*, CJ-19-00095.

[4] *See* Order [Doc. No. 23] at 2-4, *Agrawal v. Walker, et al.,* Case No. CIV-18-1133-D (summarizing Plaintiff's history regarding the ALJ award).

[5] The Court also notes that Plaintiff's Petition for Leave asserts that "the enclosed petition is a breach of contract action with parties located outside of Oklahoma." Petition for Leave at 1. However, there are no jurisdictional allegations included in the Complaint or the incorporated state court Petition. A federal court's ability to exercise jurisdiction requires that a claim arise under either federal question or diversity jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Plaintiff fails to include any statement of the citizenship of the intended defendants in either pleading to establish jurisdiction by diversity of citizenship, nor are any facts alleged or laws cited which would appear to confer jurisdiction by reason of a federal question. *See* 28 U.S.C. 1331; 28 U.S.C. 1332.

## CONCLUSION

For the reasons set forth above, Plaintiff's Petition for Leave to File *Pro-Se* Action [Doc. No. 1] is **DENIED**.

**IT IS SO ORDERED** this 9th day of August 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge